UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

LUCIUS RYANS II,
    Plaintiff,

-vs-                                  Case No.
                                          Hon.
                                          **DEMAND FOR JURY TRIAL**

ASTRA BUSINESS SERVICES PRIVATE LIMITED,
HALSTED FINANCIAL SERVICES, LLC,
NORTHEAST COLLECTION BUREAU INC,
SAKET SAHOO,
RAKESH KUMAR,
MELVIN POWELL,
BARBARA PYFER,
SYED ALI,
CHARLES MCDERMOTT,
ADELLE CALAHAN,
PRAN NAVANANDAN, and
SHAWN KELLEY,
    Defendants.

## COMPLAINT & JURY DEMAND

*Plaintiff, Lucius Ryans II, states the following claims for relief:*

### Parties

1.     The Plaintiff is Lucius Ryans II ("Mr. Ryans" or "Plaintiff"), an individual who resides in Detroit, Michigan.

2.     The Defendants are:

a. Astra Business Services Private Limited ("Astra"), a foreign company doing business in Michigan.

b. Halsted Financial Services, LLC ("Halsted"), a foreign company doing business in Michigan.

c. Northeast Collection Bureau Inc. ("Northeast"), a foreign company doing business in Michigan.

d. Mr. Saket Sahoo, in his capacity as CEO/President/Owner of Astra Business Services Private Limited. Upon information and belief, Mr. Sahoo regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Astra, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Astra, designed and drafted the procedures and tactics to collect debts on behalf of Astra, benefitted from unlawful collection practices of Astra in the form of collections, controls the day-to-day operation of Astra, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

    e.    Mr. Rakesh Kumar, in his capacity as owner/director of Astra. Upon information and belief, Mr. Kumar regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Astra, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Astra, designed and drafted the procedures and tactics to collect debts on behalf of Astra, benefitted from unlawful collection practices of Astra in the form of collections, controls the day-to-day operation of Astra, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

    f.    Mr. Melvin Powell, in his capacity as President of Astra. Upon information and belief, Mr. Powell regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Astra, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of

        Astra, designed and drafted the procedures and tactics to collect debts on behalf of Astra, benefitted from unlawful collection practices of Astra in the form of collections, controls the day-to-day operation of Astra, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

g.    Ms. Barbara Pyfer, in her capacity as Vice President of Astra. Upon information and belief, Ms. Pyfer regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Astra, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Astra, designed and drafted the procedures and tactics to collect debts on behalf of Astra, benefitted from unlawful collection practices of Astra in the form of collections, controls the day-to-day operation of Astra, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver

        prerecorded voice messages to Mr. Ryans.

h.   Mr. Syed Ali, in his capacity as COO/Manager of Halsted Financial Services, LLC. Upon information and belief, Mr. Ali regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Halsted, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Halsted, designed and drafted the procedures and tactics to collect debts on behalf of Halsted, benefitted from unlawful collection practices of Halsted in the form of collections, controls the day-to-day operation of Halsted, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

i.   Mr. Charles McDermott, in his capacity as Compliance Officer of Halsted Financial Services, LLC. Upon information and belief, Mr. McDermott regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Halsted, owns/manages/operates an Automatic Telephone Dialing System

("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Halsted, designed and drafted the procedures and tactics to collect debts on behalf of Halsted, benefitted from unlawful collection practices of Halsted in the form of collections, controls the day-to-day operation of Halsted, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

j. Ms. Adelle Calahan, in her capacity as Credit & Collections Compliance Officer (CCCO) of Halsted Financial Services, LLC. Upon information and belief, Ms. Calahan regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Halsted, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Halsted, designed and drafted the procedures and tactics to collect debts on behalf of Halsted, benefitted from unlawful collection practices of Halsted in the form of collections, controls the day-to-day operation of Halsted,

      indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

k.   Mr. Pran Navanandan, in his capacity as Managing Member of Halsted Financial Services, LLC. Upon information and belief, Mr. Navanandan regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Halsted, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Halsted, designed and drafted the procedures and tactics to collect debts on behalf of Halsted, benefitted from unlawful collection practices of Halsted in the form of collections, controls the day-to-day operation of Halsted, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

l.   Mr. Shawn Kelley, in his capacity as owner/operator/principal of

Northeast Collection Bureau, Inc. Upon information and belief, Mr. Kelley regularly collects debts and is a debt collector for purposes of the FDCPA, 15 U.S.C. § 1692a, manages the operations of Northeast, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees collection activity of Northeast, designed and drafted the procedures and tactics to collect debts on behalf of Northeast, benefitted from unlawful collection practices of Northeast in the form of collections, controls the day-to-day operation of Northeast, indirectly engaged in the collection of debts from Mr. Ryans, and engaged in the collection of debts owed to another using instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Mr. Ryans.

## Jurisdiction

3. This court has jurisdiction under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.

4. The claims presented under the TCPA and FDCPA present federal questions for purposes of 28 U.S.C. §1331.

5. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

6. In addition, this Court also has jurisdiction of this action under 28 U.S.C. § 1332(a).

7. Mr. Ryans resides in Wayne County, Michigan.

8. No member of Astra resides in the State of Michigan.

9. No member of Halsted resides in the State of Michigan.

10. No member of Northeast resides in the State of Michigan.

11. Diversity of citizenship exists between the parties.

12. The amount in controversy - including actual damages, statutory damages, treble damages and attorney's fees - exceed $75,000.

## Venue

13. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

14. Mr. Ryans resides in Wayne County, Michigan.

15. Venue is proper in the Eastern District of Michigan.

## General Allegations

16. In or around June 2013, Mr. Ryans was contacted by Astra, Halsted and

Northeast for the first time on his land telephone line.

17. The representatives for Defendants told Mr. Ryans that they were attempting to collect a debt purportedly owed to "Simpson and Associates" by "Octavia Johnson".

18. Mr. Ryans does not know who "Octavia Johnson" is, nor does he owe any such debt.

19. Mr. Ryans informed the representatives of Defendants that he did not owe such a debt and further requested that they cease all communications.

20. In spite of the fact that Mr. Ryans did not owe the debt as alleged, Astra, Halsted and Northeast targeted Mr. Ryans with their autodialers and prerecorded voice messages, and repeatedly called him on his land telephone line.

21. These harassing calls became so overwhelming Mr. Ryans was forced to disconnect his land telephone line in December 2014.

22. Shortly thereafter, in or around December 2015, Mr. Ryans again began to receive autodialed calls and prerecorded messages to his cellular telephone.

23. These calls again came from Astra, Halsted and Northeast, and were made for the purpose of collecting a debt allegedly owed by "Octavia Johnson".

24. Mr. Ryans notified Astra, Halsted and Northeast that this is not his debt and

that he does not know an "Octavia Johnson".

25. Mr. Ryans clearly and unequivocally requested no further communication from Astra, Halsted and Northeast.

26. In spite of the fact that he was not responsible for the alleged debt and did not consent to any communications, Astra, Halsted and Northeast commenced a calling campaign to Mr. Ryans's cellular telephone.

27. Mr. Ryans repeatedly disputed the debt and requested that Astra, Halsted and Northeast cease these calls, but they refused to stop this pattern of abuse, and instead continued to call Mr. Ryans using autodialer technology and prerecorded messages.

28. Astra and its agents acted under the direction of Mr. Sahoo, Mr. Kumar, Mr. Powell, and Ms. Pyfer.

29. Mr. Sahoo, Mr. Kumar, Mr. Powell and Ms. Pyfer established the policies, procedures and practices of Astra in their capacities as the corporate leadership of Astra.

30. Halsted and its agents acted under the direction of Mr. Ali, Mr. McDermott, Ms. Calahan, and Mr. Navanandan.

31. Mr. Ali, Mr. McDermott, Ms. Calahan, and Mr. Navanandan established the policies, procedures and practices of Halsted in their capacities as the corporate

leadership of Halsted.

32. Northeast and its agents acted under the direction of Mr. Kelley.

33. Mr. Kelley established the policies, procedures and practices of Northeast in his capacity as the owner/principal of Northeast.

## COUNT I – Telephone Consumer Protection Act of 1991 ("TCPA") and 47 C.F.R. 16.1200 *et seq.* (All Defendants)

34. Mr. Ryans incorporates the preceding allegations by reference.

35. The central business mission of Astra, Halsted and Northeast is the collection of consumer debts using the United States mail service, telephone, telegram or other instrumentatilities of interstate and intrastate commerce.

36. Astra, Halsted and Northeast regularly attempt to collect consumer debts alleged to be due to another.

37. At all times material and relevant hereto, Astra, Halsted and Northeast used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(2).

38. Mr. Ryans never gave Astra, Halsted or Northeast permission to call his land line or cellular phone number using an autodialer or to deliver prerecorded voice messages to him on his land line or cellular phone.

39. Rather, in nearly every call that Mr. Ryans had with Astra, Halsted and Northeast, Mr. Ryans requested that they stop calling him.

40. Astra's actions to collect from Mr. Ryans violated the provisions of the TCPA, 47 U.S.C. § 227.

41. Halsted's actions to collect from Mr. Ryans violated the provisions of the TCPA, 47 U.S.C. § 227.

42. Northeast's actions to collect from Mr. Ryans violated the provisions of the TCPA, 47 U.S.C. § 227.

43. Astra's violations of the TCPA were willful.

44. Halsted's violations of the TCPA were willful.

45. Northeast's violations of the TCPA were willful.

46. Mr. Ryans has suffered damages as a result of these violations of the TCPA.

**COUNT II - Fair Debt Collection Practices Act ("FDCPA") (All Defendants)**

47. Mr. Ryans incorporates the preceding allegations by reference.

48. At all relevant times Astra, Halsted and Northeast – in the ordinary course of their respective businesses – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

49. Mr. Ryans is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

50. Astra, Halsted, and Northeast are each "debt collectors" under the FDCPA, 15 U.S.C. §1692a(6).

51. Astra's, Halsted's, and Northeasts' actions each to collect this alleged debt from Mr. Ryans violated the provisions of the FDCPA including, but not limited to: 15 U.S.C. §§ 1692d, 1692e and 1692f.

52. Mr. Ryans suffered damages as a result of these violations of the FDCPA.

### COUNT III – Michigan Occupational Code ("MOC") as alternative to claims under the Michigan Collection Practices Act ("MCPA") (All Defendants)

53. Mr. Ryans incorporates the preceding allegations by reference.

54. Mr. Ryans is a "debtor" as that term is defined in the MOC, M.C.L. § 339.901(f).

55. Astra, Halsted, and Northeast each are a "collection agency" as that term is defined in the MOC, M.C.L. § 339.901(b).

56. Astra, Halsted, and Northeast each in their actions to collect from Mr. Ryans violated the MOC including, but not limited to the following: M.C.L. §§ 339.915.

57. These violations of the MOC were willful.

58. Mr. Ryans suffered damages as a result of these violations of the MOC.

### COUNT IV – Michigan Collection Practices Act ("MCPA") as alternative to claims under the Michigan Occupational Code ("MOC") (All Defendants)

59. Mr. Ryans incorporates the preceding allegations by reference.

60. Mr. Ryans is a "debtor" as that term is defined in MCPA, M.C.L. § 445.251(d).

61. Astra, Halsted, and Northeast are "regulated persons" under the MCPA, M.C.L. § 445.251(g).

62. Astra's, Halstead's, and Northeasts' actions to collect the alleged debt from Mr. Ryans violated the MCPA including, but not limited to the following, M.C.L. § 445.252.

63. These violations of the MCPA were willful.

64. Mr. Ryans suffered damages as a result of these violations of the MCPA.

## Demand for Jury Trial

65. Mr. Ryans demands trial by jury in this action.

## Demand For Judgment for Relief

66. *Accordingly, Plaintiff Mr. Ryans requests that the Court grant:*

    a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

    b. *Statutory damages.*

    c. *Treble damages.*

    d. *Statutory costs and attorney's fees.*

    e. *Equitable relief under the statutes and common law, in the form of a declaration that the amounts sought by Defendant are not actually owed and an injunction prohibiting further collection of those*

*amounts*.

                                        Respectfully Submitted,

                                        By:  s/ Sylvia S. Bolos
                                        Sylvia S. Bolos (P-78715)
                                        LYNGKLIP & ASSOCIATES
                                        CONSUMER LAW CENTER, PLC
                                        Attorney For Lucius Ryans II
                                        24500 Northwestern Highway, Ste. 206
                                        Southfield, MI 48075
                                        (248) 208-8864
                                        SylviaB@MichiganConsumerLaw.Com

Dated: January 28, 2017